### BILL KING *v.* THE STATE.

1. ASSAULT WITH INTENT TO MURDER. — The accused and one D. quarreled and agreed to fight with butcher-knives, and, having procured the knives, they proceeded together a half a mile to fight. D. struck the first blow, and cut the accused in the arm, whereupon the accused shot D. with a pistol, and, though D. retreated, continued shooting at him. The accused was prosecuted and convicted of an assault with intent to murder, and the conviction is sustained.

2. SAME. — The deliberate agreement to fight with deadly weapons, the procurement of the weapons, and the subsequent resort to the place of combat, all evidence that formed design which is an essential ingredient of murder; and, therefore, the court below did not err in refusing to give in charge to the jury the law of aggravated assault.

3. MUTUAL COMBAT — MALICE. — If death ensues in a case of mutual combat, in order to reduce the offense from murder to manslaughter it must appear that the combat was waged upon equal terms, and that no undue advantage was sought or taken by the slayer; for, if such was the case, malice may be inferred and the killing amount to murder.

APPEAL from the District Court of Collin. Tried below before the Hon. R. R. GAINES.

The opinion states the case.

*Bill King, in propria persona.*

*W. B. Dunham,* for the State.

WHITE, J.  The appellant in this case and one Bill Davis
(both negroes) had a quarrel in the town of Farmersville,
Collin County, which resulted in an agreement between them
to fight with knives.   They go together to a store and pur-
chase a butcher-knife apiece, and start in company to the
field of combat, Davis riding a pony and defendant walking.
We make the following extract from the testimony of the
witness Bill Davis, as explanatory of the remaining facts
connected with the transaction, there being but an imma-
terial, if any, apparent discrepancy in the testimony of the
several witnesses who were present at the rencounter.

He says :   " When about a half-mile from Farmersville,
he turned out to some bushes to tie his pony, at which time
the defendant came up to the head of the pony.   Witness
dismounted on the left side of the pony, walked round the
rear of the pony, catching him by the tail to prevent falling.
Witness met the defendant on the right side of the pony,
and struck him the first blow with his butcher-knife, cutting
a pretty deep and long gash on defendant's forearm, at
which time defendant shot witness in the wrist with a der-
ringer pistol.   Witness then ran off a little distance and
stopped.   Defendant reloaded his pistol and started towards
witness.   Witness ran again ; the defendant shot at witness
again.   Witness stuck his knife in the ground and picked
up a rock.   Defendant again reloaded his pistol and took
after witness again.   Witness ran again, and defendant fired
upon him again.   This ended the fight.   Defendant only hit
witness the first time he shot at him.   The ball is still in
the wrist of witness."

The facts thus detailed establish in law a case of mut-

ual combat. And the deliberate agreement of the parties to fight, their choice and procurement of deadly weapons, and the coolness with which they proceed to the field of battle, a half a mile distant, all evidence that formed design which, in cases of homicide, is the essential ingredient of the crime of murder. 4 Bla. Com. 198, and note; Whart. on Hom., sec. 463, and note; *Lester* v. *The State*, 2 Texas Ct. App. 432; *Perry* v. *The State*, 44 Texas, 473.

The charge of the court presented the law correctly with regard to the law of mutual combat, and the court did not err in refusing the special instructions asked by defendant, there being no evidence adduced on the trial which would make such a charge applicable to the facts. Nor do we think, as is contended by counsel, that the court erred in omitting to charge upon the law of aggravated assault. In our opinion, the facts would not warrant such a charge. To our minds it is clear, from the evidence, that the defendant, after agreeing to fight with knives, sought and attempted to get the advantage by shooting and killing his antagonist with a pistol.

The correct doctrine in cases of mutual combat is that laid down by the Supreme Court of California in *The People* v. *Sanchez*. They say: "In case of mutual combat, in order to reduce the offense from murder to manslaughter, it must appear that the contest was waged upon equal terms, and no undue advantage was sought or taken by either side; for, if such was the case, malice may be inferred, and the killing amount to murder." 24 Cal. 27.

As a whole, the charge of the court was as favorable to defendant as he had any right to expect or demand, and he does not appear to have excepted to it on the trial.

The punishment imposed by the verdict and judgment (two years and three months in the penitentiary) is, under all the facts of the case, much less than the jury might have been justified in imposing. Defendant not only sought

an undue and cowardly advantage by arming himself with, and using, his pistol, but, after his antagonist had been shot, and had retreated to a distance which placed defendant beyond reach of danger from the butcher-knife with which he was armed, defendant twice reloads his pistol, and twice again fires upon him.

The judgment of the lower court is affirmed.

*Affirmed*